THE CENTRAL BANK OF WISCONSIN VS. KNOWLTON and another.

The complaint in a suit brought in a corporate name, need not aver the plaintiff to be a corporation.

APPEAL from the Circuit Court for *Rock* County.

The *Central Bank of Wisconsin* sued *Knowlton* and another, as successive indorsers of a bill of exchange. The complaint did not aver that the plaintiff was a body corporate. Demurrer to the complaint, on the ground that it did not appear on the face of it that the plaintiff had a legal capacity to sue. The circuit court overruled the demurrer, and the defendants appealed.

*Prichard & Jackson*, for appellants, contended that inasmuch as, under our statute, it is not necessary for a domestic corporation to prove its existence, on the trial, unless the defendant in his answer shall have denied it, the fact must be affirmed in the complaint, so as to become the subject of *denial.*

*Conger & Hawes*, for respondent, cited 1 John. Cases, 133; 14 John., 239; *Goodrich vs. Com. School Dis.*, 2 Wis., 102; *Bank of Genesee vs. The Patchin Bank*, 3 Kernan, 309; 13 Howard, 270; 17 id., 487; 18 id., 308; *Farmers & M. Bank vs. Sawyer*, 7 Wis., 379; 1 Duer, 707; 20 N. Y., 355; 8 Howard, 326.

November 19.    *By the Court,* COLE, J.    In the case of the *Farmers & Millers' Bank vs. Sawyer*, 7 Wis. R., 379, this court expressed the opinion that where a suit was brought by a corporation, it was not necessary to allege that the plaintiff was a body corporate, created by or under the laws of this or any other state, and had capacity to sue, and that a demurrer to a complaint upon that ground would be bad. It is true that the precise question before the court in that case was whether the demurrer was frivolous, and we held that it was not. But still we supposed that a demurrer to a complaint on the ground that it did not aver that the plaintiff was a corpora-

June Term,
1860.

CENTRAL BANK
OF WISCONSIN
v.
KNOWLTON e al

tion, was not well taken. The following cases adjudge that precise point, as we understand them : *Harris vs. The Muskingum Man. Co.*, 4 Blackf., 267 ; *Richardson vs. The St. Joseph Iron Co.*, 5 id., 146 ; *The Bennington Iron Co. vs. Rutherford*, 3 Harrison R. (N. J.), 105 ; *Same case*, p. 158 ; *The Union Mutual Ins. Co. vs. Osgood et al.*, 1 Duer, 707 ; *Zion Church vs. St. Peter's Church*, 5 W. & S., 215 ; *The Bank of Louisville vs. Edwards*, 11 How. Pr. R., 216 ; *The Holyoke Bank vs. Haskins*, 4 Sandf., S. C. R., 675 ; *Rees vs. Conococheague Bank*, 5 Rand. R., 326 ; *Bank U. S. vs. Haskins*, 1 John. Cases, 132.

The following authorities hold that where a corporation sues, the declaration need not set forth by averment how it was incorporated, but upon the general issue pleaded it must be proved that it is a corporation: *The President, Directors and Company of the Bank of Auburn vs. Weed et al.*, 19 John., 299 ; *The President and Directors of the Bank of Utica vs. Smalley et al.*, 2 Cow., 770. But this rule has been changed by sec. 3, chap. 148, R. S., 1858 (so far as domestic corporations are concerned), which declares that, "in actions by or against any corporation created by or under any statute of this state, it shall not be necessary to prove, on the trial, the existence of such corporation, unless the defendant, in his answer, shall have denied that the plaintiff is a corporation, and annexed thereto an affidavit of the truth of such answer." The counsel for the appellants contends that by implication, at least, this section requires that the complaint should aver that the plaintiff is a corporation, since it speaks of the defendant's denying the existence of the corporation in his answer. He thinks it involves a gross solecism to say that a party shall deny what has not been affirmed. But we think this is refining too much upon the language of the statute. It is very easy for a party to determine from a complaint whether the action is brought by a corporation or a natural person. If the suit is by the former, and the defendant wishes to litigate the question as to whether there is such a corporation or not, he can easily allege in his answer that no such corporation exists, verifying the answer by an affidavit, and then the burden will be thrown upon the plaintiff

of proving its charter or act of incorporation. This provision was undoubtedly enacted to relieve the plaintiff from the expense and inconvenience of proving its charter, in every case of an action by a domestic corporation, where the general issue was pleaded. They have the same statute in New York, and the courts of that state have given it this construction. *The Bank of Genesee vs. Patchin Bank*, 3 Kernan, 309; *The Waterville Manufacturing Co. vs. Bryan et al.*, 14 Barb. S. C. R., 182.

It follows from these views that the order of the circuit court, overruling the demurrer to the complaint, must be affirmed.