January Term, 1862.

JENKINS et al.
v.
ROCK CO. et al.

| 15 | 11 |
| 92 | 408 |

| 15 | 11 |
| d96 | 122 |

JENKINS and others VS. THE BOARD OF SUPERVISORS OF ROCK COUNTY and another.

According to the charter of the city of Janesville, the street commissioners were authorized to cause the streets to be graded and sidewalks constructed at the expense of the *adjoining* lots only.

Such special assessments for local improvements should be made against the lots *separately*, so that each owner may know the precise amount he is required to pay.

Where a city has, contrary to its charter, caused several lots belonging to different owners to be assessed and taxed *together* instead of *separately*, and for the improvement of streets *not adjacent* to the lots, equity will interfere to restrain the public officers from selling and conveying the lots, inasmuch as the statute makes a tax deed *prima facie* evidence of the regularity of all the proceedings from the valuation by the assessor, inclusive, up to the execution of the deed, and the errors complained of would probably not appear on the face of the tax deed, and could only be shown by proof *dehors* the deed. Nor is the case changed because the county holds the tax certificate, and will take the tax deed.

APPEAL from the Circuit Court for *Rock* County.

*I. C. Sloan*, for appellants.

*Knowlton, Prichard & Jackson*, for respondents.

*By the Court*, COLE, J.    In a number of cases which have    January 21
come before this court, it has been decided that the circuit courts have jurisdiction, on application of a party aggrieved, to restrain and enjoin the public officers from selling and conveying real estate for a void or illegal tax; and that it was the duty of such courts to exert that jurisdiction in such a case. *Dean 'vs. City of Madison*, 9 Wis., 402; *Delaplaine vs. City of Madison*, id., 409; *Knowlton vs. The Board of Supervisors of Rock County*, id., 410; *Foster vs. The City of Kenosha*, 12 id., 616.

We do not understand that the counsel for the appellants calls in question or assails the correctness of the doctrine of these cases. He contends however that the complaint does not present a case for the exercise of this jurisdiction of a court of equity, or entitling the respondents to the relief granted by the judgment of the circuit court. The main ground relied on in support of this position is, that it appears from the face of the complaint itself, that the tax assessed upon the premises is void and that all the proceedings of the

January Term, 1862.

JENKINS et al.
v.
ROCK CO. et al.

officers in levying and assessing the tax complained of were wholly illegal and unauthorized by the city charter. It is therefore claimed that the tax deed which might be given on the expiration of the period given by law to redeem the premises, would not create any cloud upon the title, and consequently that a court of equity must not interfere. This objection is not well taken, for this reason: the statute makes the tax deed *prima facie* evidence of the regularity of all the proceedings from the valuation of the land by the assessor, inclusive, up to the execution of the tax deed. City Charter, chap. 8, sec. 8, Private Laws 1853, chap. 93 ; sec. 127, chap. 18, R. S. 1858.

Now the complaint shows an entire failure on the part of the city authorities to comply with the provisions of the charter in assessing and levying the tax upon the lots therein described, for grading the streets and constructing the side walks. From this it is clear that the taxing officers had no power or jurisdiction whatever to levy and assess the special tax. They could only make that tax valid by substantially complying with the provisions of the charter relating to these special assessments. The complaint alleges that the three lots therein mentioned, which were platted and numbered, and were easily distinguished from each other—two of which were owned by the respondents and the third by another party—were all assessed and taxed together for work done upon three different streets, while the lots were not adjacent to the streets upon which the work was so done, and one of the lots was not adjacent to two of the streets.

It is evident that a tax thus levied and assessed was void, and it was in fact conceded to be so in the demurrer filed to the complaint. An examination of the charter will show that the street commissioners were only authorized to .cause the streets to be graded and sidewalks constructed at the expense of the adjoining lots. Secs. 4 & 5, chap. 7, of the charter. They could not improve streets at the expense of lots not adjacent thereto. Furthermore these special assessments for local improvements should be assessed against the lots

separately, so that the owner of each lot may know the pre-
cise amount of tax he is required to pay.

Now all the radical errors and defects in the proceedings of the street commissioners in levying this special tax would not appear upon the face of the tax deed, but could only be shown by evidence *dehors* that instrument. On its face probably the tax deed would be all regular, and would apparently convey a good title, though the tax which was the foundation of the deed was absolutely void. Hence the duty and necessity of the interference of a court of equity to set aside and annul the proceedings and remove the cloud upon the title.

Nor can we see that the law of the case is changed because the county owns the tax certificates and will take the tax deed. The respondents would be as much injured by the county's holding a tax deed upon their lots as though it were held by an individual.

We are therefore of the opinion that the judgment of the circuit court setting aside the proceedings and enjoining the conveyance of the lots mentioned in the complaint, should be affirmed.

Judgment affirmed.