112    SUPREME COURT OF WISCONSIN,

Chickerming Lodge No. 55, I. O. of O. F. vs. McDonald et al.

---

CHICKERMING LODGE, No. 55, I. O. of O. F., vs. McDONALD and others.

In an action brought under chapt. 74, R. S., by a lodge of the I. O. of O. F., it is a sufficient allegation of the corporate existence of the plaintiff to state in the complaint, that it is duly chartered, and organized as such lodge, according to

the rules and by-laws of the order, by the Grand Lodge of the State, if any such allegation is necessary.

In an action by a corporation, it is not necessary to aver that the plaintiff is a body corporate, created by or under the laws of this or any other State.

Where the trustees of a lodge of the I. O. of O. F. have been wrongfully deprived of the possession of real property belonging to them, in their character as trustees, and such property is wrongfully withheld from them, an action for its recovery is properly brought in the name of the lodge; and it is sufficient in the complaint to aver the organization of the lodge by the election of trustees, and that they in such capacity were possessed as the owners in fee simple of the premises, and that the defendant entered into the possession thereof, and unlawfully withhold the same from their possession.

APPEAL from the Circuit Court for *Manitowoc* County.

The defendants demurred to the plaintiff's complaint, for that the plaintiff had not legal capacity to sue, and that the complaint did not state facts sufficient to constitute a cause of action. The material allegations of the complaint are stated in the opinion of the court. The circuit court made an order overruling the demurrer, and the defendants apppealed.

*J. A. Bentley,* for the appellants, argued that the allegations of the complaint as to the corporate character of the plaintiffs, were not sufficient, and cited 6 Hill, 501; 5 Denio, 618; R. S. chap. 74, sec. 23. The trustees of the plaintiff, and not the plaintiff, should sue.

*B. R. Anderson,* for respondent.

*By the Court,* COLE, J. : The objection taken to the complaint, that it does not show that the plaintiff had a legal capacity to sue, cannot prevail. It is alleged that the plaintiff " is a lodge of the Independent Order of Odd Fellows, duly chartered and organized as such lodge, according to the rules and by-laws of the order, by the grand lodge of Odd Fellows of the state of Wisconsin, January 19th, 1851." We cannot see that any further allegation of the legal capacity of the plaintiff to sue was necessary. In the case of the *Central Bank of Wisconsin v. Knowlton,* 12 Wis., 624, it was held, that where a suit was brought by a corporation, it was not necessary to allege that the plaintiff was a body corporate created by or

under the laws of this or any other State, but that the defendant might deny the existence of the corporation in his answer, and thus put the plaintiff to the proof upon that point. It is here alleged that the plaintiff was duly chartered and organized as a lodge according to the rules and by-laws of the order, by the grand lodge of the state. Chapter 74, R. S., authorizes societies organized in this manner to sue by their trustees, and to hold and convey real estate. The statute thus recognizes the existence of these organizations, and gives them legal capacity to sue.

The other point of the demurrer is, that the complaint does not state facts sufficient to constitute a cause of action. The complaint alleges the organization of the lodge, and the election of trustees, in pursuance of the statute, and farther, that the trustees therein named, in their character as trustees, were lawfully possessed as owners in fee simple, of certain real estate for and in behalf of the lodge, which real estate the appellants have entered into possession of, and unlawfully withhold from their possession, &c. We fail to see any defect in the statement of this cause of action. The statute authorizes the trustees to take into their possession and under their control all the property of the lodge, whether the same be personal or real, and enables them, in the name of their lodge, to sue and recover any real estate belonging to it. Language could not well be more clear and explicit to authorize the bringing of an action in the manner and for the purpose for which this is instituted. The order of the circuit court, overruling the demurrer to the complaint, is affirmed.