STATE ex rel. ROE vs. WILLISTON, Clerk &c.

*Mandamus to compel issue of tax deed, denied—Assessment of land, not made to right owner, if known, invalid.*

1. Where an assessor of property for taxation was required by law to set opposite to the description of each tract of land in the assessment roll the name of the owner, if known, and otherwise the word "unknown," but after being informed what part of a certain tract belonged to R. and what part to S., assessed the whole tract together as the property of S., and the same was sold for the taxes; *it seems* that the assessment, and all proceedings based upon it, are invalid.

2. Where the statute provided that a tax deed should be conclusive of certain facts and *prima facie* proof of others, and R., the owner of a part of said tract, not having paid the taxes on his part before sale, had purchased the certificate of sale of the whole tract, and, refusing the redemption money offered by S. for her part, on the ground that she could only redeem the whole, sought to compel the issue to him of a tax deed: *Held,* that he had neither a legal nor an equitable right to such a deed.

APPLICATION for a *Mandamus.*

In 1853 a tract of land, 14 1-2 rods wide and 64 rods deep, in the city of Janesville, was sold and conveyed to J. M. Smith, and an adjoining tract of the same depth, and eight rods wide, was sold and conveyed to Mrs. Julia S. B. Smith, wife of said J. M. Smith; and the whole was thereafter known as "Smith's ten acres," and was described as ten acres in the assessment roll. In March, 1860, the tract first mentioned was sold for $19.36, and conveyed to *Charles S. Roe.* In 1861, the assessors of said city went upon the tract belonging to Mrs. Smith, and were informed by Mr. Smith of the sale and conveyance of the other tract to *Roe,* and had the boundary between the tracts pointed out to them, and were requested to assess the taxes on each of said tracts to the proper person, and promised so to do. The whole ten acres were again listed, however, as a single tract, and the name of J. M. Smith put opposite, as that of the owner. This fact did not become known to Mr. or Mrs. Smith until the following winter, when the city treasurer refused to receive any portion of the taxes charged against the ten acres unless said Smith or his wife would pay the whole thereof. On the 20th of January, 1862, said taxes being unpaid, the whole

ten acres were sold for the same to the city, and the certificate of sale assigned in July following to *Charles S. Roe.* In 1864, Mrs. Smith died, leaving two minor children, who were still living at the time of the filing of this application. On the 10th of January, 1865, Mr. Smith applied to the city treasurer for the purpose of redeeming the land so owned by Mrs. Smith; and received from him a certificate of redemption upon paying him $6.88, with interest and fees. After the 20th of January, 1865, *Roe* called upon the city clerk, *Williston,* tendered his certificate of sale, and the proper fee, &c., and demanded a deed for the ten acres, which was refused on the ground that the above named certificate of redemption of a part of said land had been filed with said clerk. This application was for a *mandamus* to compel the issue of such a deed; and the petitioner states, *inter alia,* that the part of said land so attempted to be redeemed, owing to the improvements existing thereon at the time of the levying and assessing of said taxes of 1861, was worth more than two-thirds of the value of the whole of said land; that there were also other taxes and assessments due and unpaid upon that part of the land at the time of such alleged redemption, which were not then paid; and insists that such pretended redemption was both illegal and inequitable.

*John Winans,* for relator.

*H. A. Patterson* and *A. A. Jackson, contra.*

The following opinion was filed at the June term, 1865.

DOWNER, J. The writ of *mandamus* must be denied. The charter of the city of Janesville provides, in substance (see sec. 15, ch. 3, and sec. 3, ch. 7), that the assessors shall be governed by the provisions of law relating to assessors in towns in making out the assessment rolls, so far as they are not inconsistent with the charter. The assessor in towns was at the time of the assessment in question, and still is, required to set opposite to each tract of land in the assessment roll *the name of the owner,*

*if known*; if not known, the word "*unknown*." R. S. 1858, ch. 18, secs. 17 and 23 ; Laws of 1859, ch. 167, sec. 23 ; Laws of 1860, ch. 386, sec. 23. It appears that the ten acres mentioned in the petition of the relator belonged at the time of assessment in 1861, three and 18-100 acres to Mrs. Smith, and the remainder to *Roe*, the relator; that the husband of Mrs. Smith informed the assessor what portion of the ten acres was owned by his wife, and what part was owned by *Roe*, pointing out to him the division line, and requesting him to assess the same, each part separately to its owner. He promised so to do, but failed to do it, and assessed the whole tract together, and put down on the roll the name of J. M. Smith as the owner of the whole. Blackwell on Tax Tit., page 175, says : " When it is shown that the name of the original owner was known to the officer, and omitted, the list will be held invalid ; because the statutes expressly declare that the name of the owner shall be inserted when it can be done. Where an entire tract of land is assessed to one who owns only a portion of it, the listing is illegal." He cites *Barker v. Blake*, 36 Maine, 433 ; *Proprietors of Cardigan v. Page*, 6 N. H., 182 ; *Nelson v. Pierce*, id., 194 ; 1 Foster, 400 ; *Merritt v. Thompson*, 13 Ill., 716. We do not see why the assessment roll as to the ten acres, and all subsequent proceedings, are not void. It is true, there is in the charter provision that the deed, when once executed, shall be conclusive evidence of certain facts and *prima facie* evidence of others. Should we compel the execution of the deed, the purchaser might be protected, or at least be in a better position than he is now. But courts refuse to exercise this high power to give strength and validity to a title which is clearly defective on the merits. *The People v. The Mayor &c. of New York*, 10 Wend., 393. The relator holds a tax certificate on ten acres of land, of which he now owns six 72-100 acres, and did own it at the time of the assessment and sale, and on which he ought to have paid the taxes, and he ought also to have seen that it was properly described in the assessment roll. He now demands a deed

of the whole ten acres, and refuses the redemption money paid by the owner of the smaller portion, and maintains that she could not, under the provisions of the city charter, redeem a part, but must redeem the whole ten acres, if any. He has neither a legal nor an equitable right to such a deed.

*By the Court.*—The motion for a peremptory writ of *mandamus* is denied, with costs against the relator.

A motion for a rehearing in this cause was denied at the January term, 1866.