HAMILTON VS. THE CITY OF FOND DU LAC AND ITS
TREASURER.

TAXATION: CONSTITUTIONAL LAW. *Assessment of taxes upon land:
When void — Construction of statute to legalize void tax — Power of
legislature in such a case — When certificate of sale for void assessment
is a cloud on title — Equitable remedies.*

1  An assessment against plaintiff, under one aggregate value, of lots
owned by him and others *neither owned nor occupied* by him, is void;
and under our statute defining the rights of married women, this rule
applies where such other lots are owned by plaintiff's wife.

2. A tax assessed in violation of this rule is not rendered valid by a sub-
sequent act of the legislature which merely declares that certain
assessments (of which this is one) shall be valid "notwithstanding
any omission, defect or irregularity" in the proceedings.

3. Whether the legislature *could* give validity to such a tax by a subse-
quent act, not determined.

4. A certificate of sale for such invalid tax would constitute a cloud upon
plaintiff's title, the fact that he did not *occupy* the lots which he did
not own not being a matter of record.

5. The jurisdiction of equity having attached for the purpose of annulling
such certificate, it may proceed to restrain a sale of personal property
seized for the tax.

APPEAL from the Circuit Court for *Fond du Lac*
County.

This was an action to have an assessment of a special
"improvement" tax upon certain lots in the city of Fond
du Lac declared null, and to have a certificate of sale of
said lots, in the hands of the city treasurer, surrendered
by him to be canceled, and to restrain defendants, etc.,
from selling certain personal property of the plaintiff to
make the amount of said assessment. The facts alleged
in the complaint are substantially as follows: During
the years 1867 and 1868, and thereafter until the com-
mencement of this action, plaintiff's wife was the owner
in fee and in possession of lots 3, 4, 5 and 6, in block 1
of McWilliams' Addition No. 2, to said city of Fond du
Lac, and all that part of lots 1 and 2, in the same block,

JANUARY TERM, 1870.     491

Hamilton vs. The City of Fond du Lac and its Treasurer.

lying on the west side of the thread of the stream as it ran in the old channel of the east branch of the Fond du Lac river; and also of lot 13, in block 5 of Van Rensselaer's Addition to said city; and her title was of record in the office of the register of deeds in said county, and plaintiff has reason to believe that the same was known to the assessor who made the assessment hereinafter mentioned. During the same time plaintiff was owner and in possession of all that part of said lots 1 and 2 lying on the *east* side of the thread of said stream. In February, 1867, said city, by commissioners, acting (as is alleged) without authority, made an assessment for straightening the east branch of Fond du Lac river; whereby they assessed said lots 1, 2, 3 and 4, and the south forty feet of said lot 5, block 1, McWilliams' Addition No. 2, together with said lot 13, block 5, of Van Rensselaer's Addition, in one aggregate sum, as follows: "$1,200 benefits; damages, $100; balance of benefits, $1,100." On the assessment roll of the city for 1867, lots 1, 2, 3 and 4, of block 1, and lot 13, block 5, above described, were all assessed to plaintiff, and were valued separately, and the proper amounts carried out against them severally for city tax, ward tax, etc.; but the sum of $1,100 was assessed against them in the aggregate for "benefits on east branch improvement," without any statement of the amount to which each of them was liable, or that to which plaintiff's portion of said lots 1 and 2 was liable, by reason of said "benefits." There was also an assessment of ten dollars upon each of said lots 5 and 6 of block 1, on account of said "benefits." All of the taxes for that year upon said lots were paid, except said sum of $1,100, and said two sums of $10 each. No attempt was made, in 1867, to enforce the collection of these sums; but, upon the assessment roll of 1868, lots 1, 2, 3, 5 and 6 of said block 1 are assessed to plaintiff; each is separately valued, and opposite each is placed the amount of the tax assessed thereon for ward purposes,

and that assessed for state, county, school and city purposes; and the same were all paid; but the sum of $10 is assessed upon each of said lots 5 and 6 for "benefits on east branch improvement," and the aggregate sum of $1,100 is assessed against said lots 1 and 2, for said "benefits," without any specification of the amount charged on each of said lots, or upon plaintiff's portion of said lots 1 and 2. In November, 1867, the city caused to be issued a certificate, which states that there is due $1,100, for benefits in straightening east branch, from lots 1, 2, 3 and 4, and south forty feet of lot 5, block 1, and lot 13 in block 5, etc. ; and that if said sum shall not be paid into the treasury of the city one month previous to the levying of the general city taxes, it shall be specially assessed upon said described property, and collected for the use and benefit of the holder of said certificate, as other taxes are collected on real estate in said city ; and that said certificate is transferable by indorsement. At the same time two similar certificates for the amount of $10 each, for the like assessments upon said lots 5 and 6, were also issued ; and said three certificates were placed in the hands of the city treasurer; the city has also placed in the hands of said treasurer the assessment roll for 1868, with the usual warrant; and, by virtue of said warrant, the treasurer has seized and levied upon certain described personal property of the plaintiff, and has advertised it for sale on the 29th of March, 1869, to satisfy said assessments, etc. It is then alleged that said first mentioned certificate is a cloud upon plaintiff's title to his part of lots 1 and 2 ; that the treasurer, unless restrained, will sell said personal property ; and that if he does not sell the same, he will return said assessment as delinquent to the county treasurer, who will thereupon sell the lands, etc. And upon these facts the relief above described is demanded.

The defendants demurred to the complaint as not stating a cause of action, and also on the ground that

JANUARY TERM, 1870. 493

Hamilton vs. The City of Fond du Lac and its Treasurer.

the court had no jurisdiction of the subject of the action. The demurrer was overruled, and defendants appealed.

*Coleman & Thorp*, for appellants :

It appears from the complaint that the real estate against which the $1,100 tax was assessed, was owned and occupied by plaintiff and his wife jointly. The case is thus distinguished from *State ex rel. Roe v. Williston*, 20 Wis. 228, and *Crane v. Janesville*, id. 305. Land owned by one person and occupied by another may be assessed in the name of the owner or occupant. R. S., ch. 18, sec. 6 ; *Whitney v. Thomas*, 23 N. Y. 281. 2. The assessment in this case was legalized by sec. 1, ch. 129, P. & L. Laws of 1868.* 2. The power to make the improvement in question was fully conferred by secs. 17 and 18, ch. 203, P. & L. Laws of 1857, and by sec. 34, ch. 59, P. & L. Laws of 1868. *Bouton v. City of Brooklyn*, 7 How. Pr. 198. 3. All the irregularities, defects and want of authority complained of in, this case are alleged in the complaint to be of record. To justify the interposition of equity to remove a cloud upon title, the cloud complained of must be apparently good against the party asking relief. *Moore v. Cord*, 14 Wis. 213 ; *Gamble v. Loop*, id. 465 ; *Meloy v. Dougherty*, 16 id. 269. 4. If the tax is illegal, equity will not interfere to prevent a sale of the personal property, which would be a mere trespass. *Norton v. Supervisors*, 13 Wis. 611 ; *Van Cott v. Supervisors*, 18 id. 247 ; *Ch. & N. W. Railway Co. v. Ft. Howard*, 21 id. 44 ; *N Y.*

---

* Said section reads as follows: "Any and all awards of· damages and assessment of benefits made by any commissioner appointed under the charter of the city of Fond du Lac and the several amendments thereof, in the improving and straightening of the east branch of the Fond du Lac river, are each and every of them legalized and declared valid and binding and of full force and effect, both upon the said city and upon every person and corporation affected thereby, notwithstanding any omission, defect or irregularity in any of the proceedings in making such improvement and straightening said east branch of the Fond du Lac river within the corporate limits of 'the said city, or in making such award or assessment, or the levying of any tax based thereon :" with a proviso not important here.

*Life Ins. Co. v. Supervisors,* 4 Duer, 192; *Brewer v. Springfield,* 97 Mass. 152.

*Gillett & Pier,* for respondent, argued that as it appears from the complaint that plaintiff's wife was the owner "and *in possession*" of certain lands, and that the plaintiff was the owner "and *in possession*" of other lands, included with the former in one aggregate assessment, the assessment was invalid. *State ex rel. Roe v. Williston,* 20 Wis. 228; *Crane v. Janesville,* id. 305; *Jennings v. Collins,* 99 Mass. 29. They further insisted that the city had no power to make the improvement in question, and that there was nothing in the act of 1868 which could give validity to the tax here complained of.

PAINE, J. The decisions of this court in *The State ex rel. Roe v. Williston,* 20 Wis. 228, and in *Crane v. Janesville,* id. 305, have settled the rule that an assessment against one person of lots owned by himself and of lots owned by others, as a single assessment, is void. This, however, must be understood to be subject to the exception, that the person against whom the assessment is made is not the occupant of such portion of the lots as he does not own, inasmuch as the statute allows lands to be assessed to the owner or occupant.

The complaint in this case shows a good cause of action within this rule, to cancel and set aside the tax certificate upon the plaintiff's lots. It shows that there was one single joint assessment, for the improvement of the river, against the plaintiff's lots, and other lots belonging to his wife as her separate property, and of which she was in possession. The fact that she was the plaintiff's wife, cannot distinguish the case from one where the owner of the other lots was a stranger. Under the law as it now is, her rights of property are just as distinct from his as are those of any other person; and the same rule in respect to assessments must prevail in both cases. Each is entitled to know the

amount of assessment against his or her own lots. And where the assessors undertake to assess a number of lots in one assessment against one person, they do so at the risk of having the assessment void, unless he is either the owner or the owner and occupant of all. And chapter 129, Private and Local Laws of 1868, which attempts to legalize the assessment of the commissioners for this improvement, cannot be held to have removed the difficulty. It provides that the assessment shall be valid "notwithstanding any omission, defect or irregularity" in the proceedings. But it would clearly be going beyond the scope and intent of this act, to say that it made valid an assessment against one person of a tax upon another person's lots. That is something more than a mere omission, defect or irregularity in the proceedings; and as we think the legislature has not attempted to make it valid, it is not necessary to determine whether it could have done so if it had attempted it.

It is said by the appellant's counsel, that there is no cause of action shown to remove a cloud upon the title, because if the assessment is void its invalidity appears of record. But this is not so, necessarily. For it does not appear of record who occupied the lots. And as the statute authorizes the lots to be assessed to the occupant, if the plaintiff had occupied the lots belonging to his wife the assessment might, under that statute, have been proper against him. Upon this ground it appears that the certificate would be a cloud upon the plaintiff's title, because he would have to resort to proof of matters in pais to show its invalidity.

And as there was sufficient reason for equitable aid in this respect, the jurisdiction once having attached, in accordance with a familiar principle, the court should give all the relief to which the party might be entitled, although some part of it might otherwise have been recoverable in an action at law. It was, therefore, proper to restrain the sale of the personal property of

the plaintiff which had been seized for this tax, although for that purpose alone a court of equity would not have interfered by injunction, upon the ground that the plaintiff might have had an adequate remedy at law.

As we hold the assessment invalid for the reason above given, it becomes unnecessary to determine whether the city had any authority to assess the lots at all for this river improvement.

*By the Court.* — The order overruling the demurrer to the complaint is affirmed.