SIEGEL VS. THE SUPERVISORS OF OUTAGAMIE COUNTY.

INJUNCTION: *To restrain issue of tax deed. Proper parties defendant. In whose favor granted. Conditions. Assessment of taxes, when void.*

1. In an action to restrain the issue of a tax deed, and to avoid the tax certificate, the clerk of the board of supervisors, and the holder of the certificate, are proper parties defendant.
2. An assessment against A, of a forty acre tract owned by him, together with another forty owned by B, *held* void.
3. Where the land has been sold for a tax extended upon a void assessment, the issue of a tax deed will be restrained at the suit of one whose title, though acquired since the assessment, will be clouded by the deed.

4. Plaintiff in this case offered, in his complaint, to pay the taxes legally chargeable against *his* land, and all legal costs, charges and interest; but *quære*, whether there is any legal method of ascertaining these, and whether he would be required to pay them as a condition to the relief sought.

APPEAL from the Circuit Court for *Outagamie* County.

Action against the county board of supervisors, the clerk of the board, and one *Shaylor*, to restrain the clerk from issuing a deed upon certain tax certificates, and have them declared void. The complaint states that at the time of the assessment, in 1865 and 1866, the records in the register's office showed that the south*east* quarter of the northwest quarter of section thirteen, etc., was owned by other persons than the plaintiff or John F. Siegel, from whom the plaintiff purchased the south*west* quarter of the northwest quarter of said section. The other allegations of the complaint are stated in the opinion, *infra*. Demurrer to the complaint for defect of parties; because several causes of action were improperly united; and because it did not state facts sufficient to constitute a cause of action. Defendants appealed from an order overruling the demurrer.

*Hudd & Wigman*, for appellants:

1. Why should *Shaylor* be subjected to a bill of costs in this action for no fault of his? Can he recover of the county any costs that he may be compelled to pay in this action? 9 Wis. 417; 13 Wis. 611. 2. The complaint alleges that the land now owned by plaintiff was assessed, with other lands, to Hubbard; but there is no averment that the assessor knew who the owner of the land was, or that he was notified by the plaintiff or his grantor as to the ownership. 20 Wis. 228, 305. 3. Equity will not restrain the collection of a tax because the proceeding was irregular or void, unless it be shown to be inequitable. 14 Wis. 618, 623; 15 id. 9; 16 id. 1; 17 id. 284; 18 id. 92. Had the complaint stated that the actual value of the

land was much less than that at which it was assessed, there might have been some question to be settled; as it is, there is none.

*Warner & Ryan,* for respondent.

COLE, J.   The first objection taken by the demurrer to the complaint is, that there is a defect or misjoinder of parties defendant.   It is said that the clerk was not a proper party to enjoin from giving a tax deed on a void tax certificate.   But he is the officer authorized by law to execute the deed, and it would seem to be most necessary to restrain him from the performance of that act.   *Shaylor* likewise, the owner of the tax certificate, is vitally interested in the subject-matter of the suit.   For it is his tax certificate that the plaintiff asks may be declared void, and be delivered up to be cancelled.   How could this relief be granted without making him a party to the action ?   For these reasons we think it very evident that the first ground relied on in the demurrer is untenable.

The second cause of demurrer is abandoned, or not urged here.

The third cause of demurrer is, that the complaint does not state facts sufficient to constitute a cause of action.   The plaintiff alleges that he is the owner in fee, and now in possession, of the southwest quarter of the northwest quarter of section thirteen, etc.   He states that he purchased this tract of John F. Siegel, who had been the owner thereof, in fee, since 1857, until the purchase by the plaintiff; and further, that this forty, together with the southeast quarter of the northwest quarter, was assessed to one Hubbard, who had no interest therein at the time of such assessment, nor subsequent thereto.   It is alleged that Hubbard owned, at the time, the north half of this quarter section, a tract of land worth much more than the south half of the quarter section; and that the assessor, in affixing the value of the lands, "carelessly, heedlessly,

negligently, and without reasonable care, precaution and examination, affixed the value" of the north eighty to the south eighty, and *vice versa*.

The same allegations are made in reference to the assessment of 1866. This court has decided that an assessment against one person, of lots owned by him, and of lots owned by others, as a single assessment, is void. *State ex rel. Roe v. Williston*, 20 Wis. 228; *Crane v. The City of Janesville*, id. 305; and *Hamilton v. The City of Fond du Lac*, ante, p. . According to these decisions, the assessments for 1865 and 1866, of the southwest quarter of the northwest quarter, with another forty owned by other persons, as a single assessment, rendered those assessments void.

But it is said that it no where appears in the complaint that the plaintiff was the owner of this land in the years 1865 and 1866. Suppose it does not, how does this affect the question whether the plaintiff is entitled to the relief asked in the complaint? He now owns the land, and is in possession of it; and if a tax deed is issued upon the certificate, it will surely constitute a cloud upon his title. It is not material, to the relief demanded, that it should appear that the plaintiff owned this land in the years 1865 and 1866, when these void assessments and sales were made. It is sufficient that he owned the land and was in possession at the time of the commencement of the action.

Again it is said, that conceding the assessments irregular, or even void, still the relief demanded ought not to be granted unless the tax assessed was inequitable and unjust. The plaintiff states in his complaint that he is ready and willing to pay the legal taxes upon his land for the years 1865 and 1866, and all legal costs, charges and interest thereon, and offers to pay them. We do not readily see how the court can determine, from the matters stated in the complaint, what amount of taxes and charges the plaintiff ought to pay for the years 1865 and 1866. If there is any

way to ascertain this amount, the plaintiff offers to pay it, regardless of the question whether he would be required to do so as a condition to the relief demanded.    This is probably more than strict equity would require him to do.

*By the Court.*—The order overruling the demurrer is affirmed.