TOWNE, Respondent, vs. SALENTINE, Appellant.

*February 5 — February 18, 1896.*

(1, 2) *Deeds: Reservations and exceptions.*    (3–5) *Tax titles: Improper assessment: Failure to give notice of application for deed: Payment of taxes as condition of recovery: Stipulation construed.*

1. A deed "reserving" from the premises described (being a part of a tract owned by the grantor) a strip to be used and kept open as an alley for all the owners of said tract, conveys the title to such strip, subject only to the easement.

2. A deed granting a part of a tract of land, but "excepting" therefrom a strip to be used as an alley by all the owners of the tract, conveys an easement only in such strip.

3. The fact that a strip of land was assessed as a part of a tract owned by another person, instead of separately and to the true owner, invalidates a tax deed based on such assessment.

4. Failure to serve notice of the application for a tax deed upon the owner of the premises in possession thereof invalidates the deed.

5. A stipulation that ten per cent. of the taxes assessed upon an entire tract of land would be a fair proportion to be paid by the plaintiff, under sec. 3087, R. S., upon the recovery by him of a strip from such tract by reason of the insufficiency of defendant's tax title thereto, is construed to mean ten per cent. of the taxes on the land only, exclusive of the improvements, which were assessed separately.

APPEAL from a judgment of the circuit court for Milwaukee county: D. H. JOHNSON, Circuit Judge. *Affirmed.*

On the 18th day of September, 1876, John Nazro owned lots 12, 13, and 14 in block 27, in the Fifth ward of the city of Milwaukee. Each lot was fifty feet wide, and fronted on Reed street. The three together constituted a tract 150 feet wide by 160 feet long, bounded by Reed street on the west, by Virginia street on the north, and a public alley on the east. On the day named Nazro conveyed a portion of said land to Joseph Burnham by deed describing the tract conveyed as follows: "The west 105 feet of lots 12, 13, and 14, of block 27, Fifth ward, and south 12½ feet of the east

55 feet of said lot 12 in block 27, reserving therefrom the east 5 feet of the west 105 feet of said lots 12, 13, and 14, and the south 12½ feet of the east 55 feet of said lot 12, to be used for and kept open as an alley for all owners of said lots 12, 13, and 14, in said block 27, for them and their heirs and assigns forever." At the same time he conveyed the balance of said lots to Augusta Salentine by deed de-scribing the part conveyed as follows: "The east 55 feet of lots 12, 13, and 14 in block 27 in the city of Milwaukee, excepting therefrom the south 12½ feet of the east 55 feet of said lot 12, which are to be used as an alley for all owners of said lots 12, 13, and 14; also reserving therefrom the west 5 feet of the east 55 feet of said lots 12, 13, and 14, and the north 12½ feet of the south 25 feet of said lot 12, to be used for and kept open as an alley for all owners of said lots 12, 13, and 14 in said block 27, and for them and their heirs and assigns forever."

At the time of the commencement of this action, and for more than four years theretofore, plaintiff owned that por-tion of said lots described in the first-mentioned conveyance, and defendant that portion described in the second-men-tioned conveyance, except so far as the title was affected by a tax deed hereinafter mentioned, under which defendant claimed the exclusive title to the 12½-foot strip. Since the two conveyances mentioned were made, the 10-foot alley, extending from Virginia street south through the lots, and connecting with the 12½-foot strip on the south side of lot 12, so as to allow the free passage by way of said alley and strip from the public alley on the east side of said lots to Virginia street, had been kept open with slight interruptions, and used in accordance with the terms of said conveyances.

For several years prior to the commencement of this ac-tion, and including the year 1889, the 12½-foot strip was assessed as a part of the east 55 feet of lot 12, and, for the purpose of obtaining a tax deed covering the said strip and

cutting off plaintiff's rights thereto, defendant, for the year 1889, omitted to pay the taxes on the east 55 feet of said lot, and it was thereafter sold at tax sale for delinquent taxes, and bought in by C. W. Milbrath, who bought at the tax sale by arrangement with defendant. Thereafter Milbrath, in the interest of defendant, on the 27th day of September, 1893, took a tax deed covering said east 55 feet, and thereafter, on the 6th day of November, 1893, he quitclaimed to defendant, who thereupon asserted title to said strip, and placed a gate across it, but did not wholly exclude plaintiff therefrom. Defendant paid the taxes on the strip as a part of the east 55 feet of said lot 12 each year after 1889.

The court found, among other things, the facts as above set forth, and that the only notice of the application for the tax deed served upon anybody was served on defendant; that he was not, at the time of such service, the owner or occupant of said strip, but that plaintiff was such owner and in possession of the same. The court decided that the tax deed was void, and ordered plaintiff, as a condition of recovery, to pay the taxes assessed on the strip that had been paid by the defendant, with interest and charges, as provided by statute in such cases. It was stipulated by the parties that one tenth of the tax on the whole lot would be an equitable division, and the court ordered accordingly. The amount of taxes was computed on the assessed valuation of the lot, exclusive of improvements, and was paid, and thereupon judgment was rendered in plaintiff's favor, from which judgment this appeal was taken.

For the appellant the cause was submitted on the brief of *Julius E. Roehr*, attorney, and *Samuel Howard*, of counsel.

For the respondent there was a brief by *Quarles, Spence & Quarles*, and oral argument by *T. W. Spence*.

MARSHALL, J. Several questions are presented by the exceptions to the findings of the trial court and the order for

judgment. The first in order is that the deed from Nazro to Burnham conveyed only an easement; hence that plaintiff, claiming under that title, never was the owner of the 12½-foot strip, or had any interest therein, except that of an easement. This claim is based on the principle that in the construction of a deed the part excepted from the grant is held to be something not granted and which does not pass at all from the grantor making the exception, unlike a reservation, which is the taking back of something included in the grant. *Fischer v. Laack*, 76 Wis. 313; *S. C.* 85 Wis. 280; *Rich v. Zeilsdorff*, 22 Wis. 544. In the last case the rule which appellant invokes is stated as follows: "A reservation is always of something taken back out of that which is granted, while an exception is some part of the estate not granted at all." Testing the two conveyances made by Nazro by this rule — the one to Burnham, through which respondent claims, and the other to Augusta Salentine, through which appellant claims,— it is plain that the title to the 12½-foot strip was by clear and unambiguous words in the first conveyance vested in Burnham, reserving the easement of a right of way over the strip for all owners of or persons interested in lots 12, 13, and 14; and that the words of exception in the deed to Augusta Salentine excepted out of the grant to her the 12½-foot strip, so that no title passed to her or any interest whatever except an easement in the strip to use the same as a passageway in common with the other proprietors of the lots. The deed appears to have been made advisedly. The conveyance in the one of the fee reserving the easement is consistent with the exception out of the grant in the other of the 12½-foot strip; the same, however, to be for use as a passageway for all persons interested in the three lots. Such was the holding of the trial court, and it is clearly right.

Error is assigned in that there was no allegation of possession, and hence that the complaint fails to state a good

cause of action; but it appears that the complaint was properly amended on the trial so as to allege possession, and the fact was found by the court in plaintiff's favor on sufficient evidence.

There are sufficient facts found to avoid the tax deed. Either the fact that the strip was assessed as a part of the east 55 feet of lots 12, 13, and 14, instead of separately and to plaintiff, the true owner; or the fact that no notice was served upon the plaintiff, as the owner and the party in possession, of the application for the tax deed,— was sufficient to avoid such deed, the action having been brought before the defects in that regard were cured by the statute of limitations. *Whittaker v. Janesville,* 33 Wis. 76; *Jenkins v. Rock Co.* 15 Wis. 11; *State ex rel. Roe v. Williston,* 20 Wis. 228; *Hamilton v. Fond du Lac,* 25 Wis. 490; *Orton v. Noonan,* 25 Wis. 672; *Siegel v. Outagamie Co.* 26 Wis. 70; *Potts v. Cooley,* 51 Wis. 353; *Howe v. Genin,* 57 Wis. 268.

It was stipulated that payment of one tenth of the taxes chargeable to the whole lot, with interest and charges, under sec. 3087, R. S., as a condition precedent to respondent's right to recover, would be sufficient compliance with such section, and on that stipulation and the evidence the court ordered the payment of $46.12. It appears that this included about four sevenths of the total taxes paid by defendant. In arriving at a conclusion the trial court considered only the tax on the lot, exclusive of the improvements. That is clearly indicated in the findings. Objection is made to this, and it is said by appellant that there is no evidence in the case to show upon what basis the computation was made. An examination of the printed case bears out such contention, but the bill of exceptions in the record discloses the fact that the east 55 feet of lots 12, 13, and 14 were assessed as a single tract, exclusive of the improvements, at $2,000, and the improvements at $1,500. The form of the stipulation was as follows: "It is agreed by the parties that a fair proportion

of the taxes assessed on the entire tract of 55 by 150 feet would be ten per cent. of the whole for the 12½-foot strip embraced in the alley." The court obviously considered this stipulation, under the facts of the case, as requiring payment of ten per cent. of the taxes, exclusive of the improvements, and made the computation and finding accordingly. We think the construction was right, and a verification of the computation shows that it is substantially correct.

We see no reversible error in the case, and it follows that the judgment of the circuit court must be affirmed.

*By the Court.*— The judgment of the circuit court is affirmed.