Strong vs. Doty and others.

STRONG VS. DOTY and others.

*Action to enforce trust, who may maintain. Deed in trust.*

Land was granted to trustees and their successors in office forever, in trust that they would erect thereon a house of worship for the use of the members of the M. E. Church, according to the rules and discipline of the general conference, and in further trust that they should at all times, forever thereafter, permit the ministers of that church to preach therein; and the trustees erected thereon a building adapted to the purposes of public worship, and continued its use for such purposes during a period of thirty years, and then abandoned it, and sold the lot and building to parties who converted it into a blacksmith and wagon shop. *Held*, in an action by one of the original grantors to enforce the trust, or to obtain possession of the property:

1. That, in the absence of any condition to that effect in the deed, the land does not revert to the grantors.

2. That although equity, on application of the parties interested, might compel a due execution of the trust, the plaintiff, who is not shown to be a member of the M. E. Church or to have any more interest than the general public in the execution of the trust, cannot maintain an action for that purpose, merely on the ground that he was one of the original grantors.

APPEAL from the Circuit Court for *Iowa* County.

The complaint sets forth that in 1840 the plaintiff, with four others, tenants in common of a certain lot in the village (now city) of Mineral Point, executed a deed thereof, without any actual consideration, to certain trustees named in the deed, and to their successors forever, in trust for certain purposes which sufficiently appear in the opinion of the court; and it alleges an abandonment of the premises for those purposes, and their conversion to other uses, as stated in said opinion; and also alleges the erection and continuance of a nuisance upon said premises. The plaintiff then demands judgment for a surrender of the premises; or, if the court shall deem that he is not entitled to that relief, then that the contract of sale executed by the trustees to third parties (who are also made parties to the action), be canceled, and the rights of such parties under it forever terminated; that the trustees and their successors be perpetually enjoined from ever conveying the land to any person, except the grantors or their heirs; and that they be required and enjoined to keep and hold the building for the uses declared in the deed; and that the nuisance be abated.

The defendants demurred to the complaint for a defect of parties plaintiff; for a misjoinder of parties defendant; for a misjoinder of causes of action; and for a failure to state facts sufficient to constitute a cause of action. The demurrer was sustained, and judgment entered for the defendant; from which plaintiff appealed.

*Moses M. Strong*, appellant, in person:

The use designated by the deed is a limitation of the title, or a condition subsequent, the failure or perversion of which will operate to defeat the title. 2 Black. Com., 154; Coke on Litt., Lib. 3, ch. 5; Rolle's Ab., 411; 2 Woddesson, 141–2; 4 Kent's Com., 125; 1 Washb. R. P., ch. 14, p. 445 et seq.; *Little v. Heaton*, Salk., 259; *S. C.*, Ld. Raymond, 750; *Lady Ann Fry*, 1 Vent., 199; *Hayden v. Stoughton*, 5 Pick., 528; *Gray v. Blanchard*, 8 id., 284; *Austin v. Cambridgeport Parish*,

21 id., 215; *Police Jury v. Reeves*, 6 Martin (La.), 221; *Bowen v. Bowen*, 18 Conn., 535; *Warner v. Bennett*, 31 id., 468; *Hooper v. Cummings*, 45 Me., 359; *Jackson v. Topping*, 1 Wend., 388; *Stuyvesant v. Mayor etc.*, 11 Paige, 414; *Nicoll v. N. Y. & E. R. R. Co.*, 12 N. Y., 121; *Taylor v. C., R. & St. P. R. R. Co.*, 25 Iowa, 371; *Mead v. Ballard*, 7 Wall., 290; *Rogan v. Walker*, 1 Wis., 527; *Knowlton v. Walker*, 13 id., 264; *Smith v. Smith*, 23 id., 176; R. S., ch. 83, sec. 27; *Sinclair v. Comstock*, Harr. C. R. (Mich.), 404; *Scott v. Stipe*, 12 Ind., 74; *Pawlet v. Clark*, 9 Cranch, 292. The condition was express, and the right of entry arises by legal implication, without a reservation to that effect. 1 Washb. R. P., ch. 14, § 15; *Jackson ex dem. Blanchard v. Allen*, 3 Cow., 220; *Gray v. Blanchard*, 8 Pick., 284. 2. Even if the title does not revert, a court of equity will enforce the trust, or, that being impracticable as in this case, will decree restitution or release to the grantors of the title conveyed in trust. 3. The consideration of the deed consisted wholly in the execution of the trust, and plaintiff, who is one of the grantors, has a greater interest in its faithful execution than any other person or the public; and if the execution has become impracticable, he is the *only one* interested. One tenant in common has the same right to enforce the execution of the trust that all have. 2 Black. Com., 194; Esp. N. P., 448–9; 1 Chit. Pl., 65; *Ward v. Hill*, Carthew, 340; *Culley v. Spearman*, 2 H. Black., 386; *Doe ex dem. Fisher v. Prosser*, 1 Cowp., 217; *Samuels v. Blanchard*, 25 Wis., 329.

*Alex. Wilson*, for respondents:

This is a gift at common law to a charitable and pious use. Stat. 43 Elizabeth, ch. 4; Perry on Trusts, 640, 644. A court of equity may enforce the execution of the trust, but no violation thereof will have the effect of revesting the title in the grantors. Perry on Trusts, 638, 693 and notes; R. S., ch. 64, sec. 27; 7 Paige, 77; Hill on Trustees, 128; 3 Washb. R. P., 438; 2 Story's Eq. Jur., 1177. 2. Under the statute in force when the deed was made (Terr. Stats. 1839, p. 136; see R. S.,

ch. 60, sec. 23), the property, being conveyed to trustees for the use of a religious society, descended in perpetuity to their successors; and, there being no clause in the deed indicating a reverter, the plaintiff is not entitled to possession. 3. Plaintiff has no such interest in the execution of the trust as entitles him to bring an action to enforce it. Perry on Trusts, 682, note 3, and 683; Story's Eq. Jur., 1191; 38 N. H., 459. Trust property is not inalienable. Perry, 688, note 3 and cases cited; R. S., ch. 66, sec. 19; *Wells v. Heath*, 10 Gray, 17; *Shotwell v. Mott*, 2 Sandf. Ch., 55; Tudor on Char., 298; Hill on Trustees, § 463. 4. As the property does not revest in plaintiff, and as he is not a party to the contract of sale executed by the trustees, he cannot maintain an action to avoid such contract, though it may be inequitable.

COLE, J. The object of this action is certainly not entirely clear. There are averments in the complaint which warrant the inference that the action is one to obtain possession of the undivided one-eighth part of the lot described, upon the ground that the title reverted to the grantors on failure to execute the trust. Other averments would lead to the supposition that the action was intended to enforce the performance of the trust created by the deed, or, if the execution of the trust has become impossible, then that the court should restore the land to the grantors. But in any aspect, we think the action is not maintainable.

The case must turn upon the construction and effect given to the trust deed set out in the third subdivision of the complaint. By that deed the plaintiff and other grantors conveyed to William F. Phillips and others, grantees and trustees, and to their successors in office forever, the premises for the purpose and trust, as declared therein, that the grantees should erect and build thereon a house or place of worship for the use of the members of the Methodist Episcopal Church, according to the rules and discipline which might be adopted by the min-

isters of that church at their general conference in the United States, and in further trust that the trustees and their successors in office would at all times permit the ministers of that church, who should be duly authorized by the general conference, to preach and expound God's holy word in the building erected upon the lot conveyed. It appears that, immediately after the execution of the trust deed in 1840, the trustees and their successors in office did erect and build upon the lot a stone edifice adapted for church worship, which edifice was continuously used as a house of worship and as a Methodist Episcopal Church until the year 1870, when the trustees and society abandoned and relinquished the edifice as a place of worship, and the trustees contracted and sold the lot and building to the defendant *Pierce*, who has converted the same into a wagon and blacksmith shop.

And now, the first position assumed by the plaintiff is, that, in consequence of this sale made by the trustees of the property to be used for a wagon and blacksmith shop instead of for the purposes of a church, as designated in the trust deed, there is a breach of the trust or perversion of the charity, and the title reverts to the grantors. In other words, that the use is a condition subsequent, the failure or perversion of which will operate to defeat the title.

We do not, however, think any such legal consequences follow from the alleged breach of trust, or failure to use the property for the purposes designated in the conveyance. It will be observed that no such condition was attached or attempted to be attached in the deed itself to the estate conveyed; and this fact distinguishes this case from a number of cases to which we were referred on the argument by the plaintiff. Besides, the statutes in force when this deed was executed provided that all lands conveyed, by deed, devise or otherwise, to any trustee or trustees for the use of any religious society within the territory, for the purposes of erecting a house or houses of worship, should descend in perpetuity to their suc-

Strong vs. Doty and others.

cessors in office, appointed by said societies respectively, according to their respective rules and regulations, forever, for the use and purposes stated. Territorial Statutes of 1839, p. 136. And such, in substance, was the language of the grant, no condition being annexed that the estate should revest in the grantors upon a breach of the trust. There is no provision in the deed, that if the premises be abandoned as a place of worship the title shall return to and become vested in the donors. No subsequent violation of the trust upon which the property was held can ever revest either the legal or equitable title in them; although a palpable breach of trust might form a proper ground for an application to a court of equity, on the part of the parties interested, to compel a due execution of the trust. *Dutch Church v. Mott*, 7 Paige, 78–82; 2 Story's Eq. Jur., § 1191 et seq.; Willard's Eq., p. 569, ch. 15; Perry on Trusts, pp. 681–2; Tiff. & Bullard on Trusts, p. 238.

Has the plaintiff the right to maintain the action to enforce the execution of the trust, and a restoration of the property to the use of a house or place of religious worship? We cannot see upon what ground he is entitled to seek and obtain this relief. For, as is observed on the brief of the counsel for the defendants, the plaintiff has no special interests or rights in the execution of the trust. It is not alleged that he is a member of the Methodist Episcopal Church, or has any more interest than the general public in the maintenance of a house of worship upon that lot. The fact that he was one of the grantors who originally made the gift does not give him any greater interest in the faithful execution of the trust, or any superior right to insist upon its proper enforcement, than any other individual. At all events we do not think that this circumstance alone entitles him to file a bill to establish and compel the execution of the trust, and a continuation of the use of the building erected upon the lot for religious purposes.

*By the Court.*— The order of the circuit court sustaining the demurrer to the complaint is affirmed.