EUGENE W. DOWNEN

v.

WILLIAM H. RAYBURN.

*Opinion filed February 21, 1905.*

1. DEEDS—*restrictions on use of property conveyed in fee are not favored.* In construing a deed containing restrictions as to the use of property conveyed in fee, all doubts should be resolved against the restrictions and in favor of free use of the property.

2. SAME—*deed construed as not restricting free use of property.* A deed conveying to the trustees of a certain congregation "a certain lot or tract of land to be used as a church location," describing the tract, "to have and to hold the said premises as above described unto the party of the second part and their successors in office forever," does not restrict the title of the trustees to the period of time the lot is used as a church location.

APPEAL from the Circuit Court of McDonough county; the Hon. JOHN A. GRAY, Judge, presiding.

This is an action of ejectment, brought by the appellant against appellee in the circuit court of McDonough county to the September term, 1904, thereof, to recover the possession of a certain lot in the village of Industry in that county. The plea of general issue was filed. Jury was waived by agreement, and the cause was tried before the court without a jury. The issues were found by the court in favor of the defendant, and judgment was rendered against the plaintiff for costs. The present appeal is prosecuted from such judgment. The case was tried upon an agreed statement of facts, the material portions of which are substantially as follows:

On July 28, 1856, William R. Downen was the owner in fee of lot 16 in block 5, in the original town, now village of Industry, and on that day he and his wife executed a deed, conveying said lot to five persons, "trustees of the Industry Congregation of the Cumberland Presbyterian Church of the county of McDonough and State of Illinois." The deed

recited that William R. Downen and wife, party of the first part, for and in consideration of the sum of one dollar paid by said trustees as party of the second part, granted, bargained and sold unto the said party of the second part and their successors in office, "a certain tract or parcel of land to be used as a church location, situated in the State of Illinois, county of McDonough, being a part of the south-east quarter of section 15, in township 4, north of range 2 west, and more particularly described as follows: Lot No. 16, in block No. 5, in the town of Industry, together with all and singular the hereditaments and appurtenances thereunto belonging, or in any way appertaining, to have and to hold the said premises as above described, with the appurtenances unto the said party of the second part, and their successors in office forever." Afterwards said trustees, or their successors in office, caused to be erected on said premises a church building, which remained there until some time in August, 1904, when it was removed by appellee. William R. Downen died intestate in the year 1866, and left surviving him his son, the present appellant, Eugene W. Downen, and his widow, Martha A. Downen, as his only heirs-at-law. At the time of his decease a church building was located on said premises, and was used and occupied by said congregation, and was used for a church building for a number of years thereafter. The Industry Congregation of the Cumberland Presbyterian Church was dissolved by presbytery in 1901. Three persons named Crawford, Allison and Creel, as trustees of the Rushville Presbytery of the Illinois Synod of the Cumberland Presbyterian Church were the successors in office of the trustees of the Cumberland Presbyterian Church of Industry Congregation at the time of the execution of the deed hereinafter mentioned, and were the proper persons, according to the laws and usages of said church, to execute and deliver the said last named deed. On August 16, 1901, said Crawford, Allison and Creel, as trustees of the Rushville Presbytery of the Illinois Synod of the Cumberland Pres-

byterian Church, etc., in consideration of $500.00, conveyed and warranted to William H. Rayburn, the present appellee, of said village of Industry, said lot 16. For at least ten years prior to the transfer of said property to the appellee, Rayburn, said premises had not been used for church purposes, and had not been used as a church location since the lot was transferred to the appellee, and for the last two years have been used by the appellee or his lessee. Appellee was in possession thereof at the time of the commencement of this suit, and written notice of demand for the possession thereof by appellant was made on appellee prior to the beginning of the suit. Said premises are not used now by said congregation as a church location. Appellant and appellee, plaintiff and defendant below, claim title from a common source, William R. Downen; appellee claiming by conveyance, and the appellant claiming as heir. Appellee and his grantors have had continuous possession of said premises since the same ceased to be used for church purposes up to the present time, and the trustees of the Industry Congregation of the Cumberland Presbyterian Church, or their successors in office, claim no right, title or interest in said premises since the conveyance thereof to appellee, and appellee does not claim that the same are now used as a church location.

Charles W. Flack, and Neece & Son, for appellant.

Vose & Creel, for appellee.

Mr. Justice Magruder delivered the opinion of the court:

The contention of the appellant in this case is, that the title to the lot in controversy reverted to the appellant, as the heir of William R. Downen, when said lot ceased to be used as a church location, and when the church building thereon erected, and used for church purposes for a number of years, was removed therefrom by the appellee, as grantee of the trustees of the church.

The contention of the appellant is based upon the use of two expressions in the deed from William R. Downen to the original trustees of the Industry Congregation of the Cumberland Presbyterian Church. Those two expressions, as shown in the portion of the deed quoted in the statement preceding this·opinion, are as follows, to-wit: First, "to be used as a church location;" and, second, "the said premises as above described." So far as the words, "as above described," are concerned, they refer back to the description of the lot, and do not refer to the words, "to be used as a church location." The deed uses the words, "particularly described as follows: Lot No. 16 in block No. 5 in town of Industry," and when subsequently the said premises are referred to "as above described," the latter words refer only to the description of the lot as lot No. 16, etc. It follows that the claim of the appellant, if it can be sustained, rests entirely and exclusively upon the use of the words, "to be used as a church location," as they appear in the deed.

The appellant contends that these words operated as a condition or restriction, limiting the use of the premises by the grantees from William R. Downen to a use for the purposes of a church location. If the words in question can be regarded as in any sense a condition, they must constitute a condition subsequent, and not a condition precedent. "A subsequent condition is one which operates upon an estate already created and vested, and renders it liable to be defeated." (*Star Brewery Co.* v. *Primas,* 163 Ill. 652.) "A precedent condition is one, which must take place before the estate can vest or be enlarged, and if land is conveyed upon a precedent condition, the title will not pass until the condition is performed." (Ibid.) In the case at bar, the title vested in the trustees as the grantees in the deed, and if the words in question operated as a restriction upon the use of the premises, they would have the effect of rendering the estate already vested liable to be defeated; but we are of the

opinion that the words in controversy do not constitute a condition subsequent within the strict meaning of that term.

It is well settled that, where real property is conveyed in fee, restrictions in the use are not favored, although courts will enforce such restrictions where the intention of the parties is clear in the creation of restrictions or limitations upon the use of a grantee. It is also well settled that "in the construction of deeds containing restrictions and prohibitions as to the use of property by a grantee, all doubts should, as a general rule, be resolved in favor of a free use of property, and against restrictions." (*Hutchinson* v. *Ulrich,* 145 Ill. 336; *Ewertsen* v. *Gerstenberg,* 186 id. 344; *Hays* v. *St. Paul M. E. Church,* 196 id. 633). It will be noticed that the words in question, "to be used as a church location," stand alone, and that the words, "upon condition," are not used in connection therewith. That is to say, it is not stated in the deed that the premises are conveyed upon condition that they are to be used as a church location. Nor is there any provision in the deed for re-entry by the grantor in case of a breach of the covenant, if it be a covenant, that the premises are to be used as a church location. (*Kew* v. *Trainor,* 150 Ill. 150; *Star Brewery Co.* v. *Primas, supra; Gallaher* v. *Herbert,* 117 id. 160). *In Gallaher* v. *Herbert, supra,* we said (p. 169) : "In the construction of deeds, courts will always incline to interpret the language as a covenant, rather than as a condition. (*Board of Education* v. *Trustees,* 63 Ill. 204). There is nothing in the form of the language here employed to indicate that it was intended the conveyance was upon a condition subsequent. The words, 'upon condition,' do not occur, and there are no other words of equivalent meaning. There is no clause, providing that the grantor shall re-enter in any event, and these are the usual indications of an intent to create a condition subsequent."

In 6 American and English Encyclopedia of Law, (2d ed. pp. 501, 502,) it is said : "Certain words, namely, 'upon condition,' 'so that,' and 'provided,' or their Latin equivalents,

are recognized as apt and customary. * .* * If a condi-
tion is not created by one of the recognized terms, it should
be followed by a clause of re-entry, or a provision for for-
feiture. * * * Words declaratory of the consideration for,
and the purpose of the conveyance, and the limitation of the
use of the property, * * * do not, of themselves, render
an estate conditional." Here, the words in question, "to be
used as a church location," are merely declaratory of "the
purpose of the conveyance." It cannot be said, therefore, that
they render the estate conditional.

It has also been held that, where the declared purpose for
which the property shall be used, is a matter that will inure to
the special benefit of the grantor, the courts are more inclined
to treat the conveyance as conditional, than when the use is
for the benefit of a special class of persons, or of the public at
large. (*Olcott* v. *Gabert,* 86 Tex. 125; 6 Am. & Eng. Ency.
of Law,—2d ed.—pp. 501, 502, note 9; *Hutchinson* v. *Ul-
rich, supra*). In the case at bar, there is nothing either upon
the face of the deed itself, or in the agreed statement of
facts, upon which the case was tried below, to indicate that
the property was conveyed to the trustees of the church for
the special benefit of the grantor, William R. Downen, and,
therefore, the conveyance made by him cannot be regarded
as conditional for this reason.

There is nothing in the words in question to indicate
that the premises conveyed were to be used as a church loca-
tion for any particular length of time. As matter of fact, a
church building was erected upon the lot, and was used for
church purposes for many years. In *Harris* v. *Shaw,* 13 Ill.
456, where land was conveyed to the county commission-
ers of Tazewell county, and their successors in office, by a
deed absolute in its terms, for the use of the county, and the
county seat was located thereon, this court said in regard to
the grantor in the deed to the county commissioners, who
brought an action to recover back the property when it ceased
to be used as a county seat (p. 465) : "He now seeks to re-

cover back the twenty acres upon the ground that the county seat, after remaining for fifteen years, as located in 1835, was in 1850 removed to the town of Pekin, under the act of the legislature, passed February 2, 1849. It was no part of the contract, made between Harris and the county in 1835, that the county seat should forever remain as then located; on the contrary, he must have known when he made the deed, that the legislature· at that time possessed the power to change the location of county seats at pleasure. He must, therefore, be considered in legal contemplation as having made the deed in view of the liability, at least, of a change of the county seat at some future time. Had the land been granted upon condition that it should be used for a particular purpose, it would unquestionably have reverted to the donor when it ceased to be thus used." So, here, the deed must have been made by William R. Downen with knowledge of the fact, that the location or vicinage of the lot in question might at some future time undergo such changes, as to make it undesirable to use the lot for church purposes, and to make it desirable to remove the church to some other location. It has been held that a restriction in a deed will not be enforced, where the neighborhood or vicinage, where the property is located, has so changed in its character and environment, and in the uses to which it may be put, as to make it unfit or unprofitable for the use, to which it is restricted. (*Star Brewery Co.* v. *Primas, supra; Ewertsen* v. *Gerstenberg, supra*).

In *Supervisors of Warren County* v. *Patterson,* 56 Ill. 111, where land was sold to a county, the agreement for the sale contained this clause, "the party of the first part agrees to sell to said party of the second part, block No. 16, in the city of Monmouth, in said county of Warren, with appurtenances thereunto belonging, for court house and other county buildings." This clause in the agreement was also contained in the deed executed to the county. It is not materially different from the clause here under consideration. The prop-

erty was conveyed "for court house and other county build-
ings." The property in the case at bar was conveyed "to
be used as a church location." Although the words, "to be
used," are not in the clause, referred to in the *Patterson case,*
yet they are evidently implied by the statement that the prop-
erty was conveyed or sold "for court house and other county
buildings." If they were conveyed "for court house and
other county buildings," they were conveyed to be used for
such purposes. The case of *Supervisors of Warren County*
v. *Patterson, supra,* is, therefore, substantially on all-fours
with the case at bar; and in that case this court said (p. 119) :
"The deed conveys the absolute fee, without any conditions
or restrictions whatsoever. The power of alienation is not
limited or confined in any way. Had the grantors in the
deed imposed as a condition of the sale, that the block should
be used for county buildings and for no other purpose, they,
perhaps, might invoke the power of a court of chancery to
restrain a threatened sale of it.  *  *  *  It, no doubt, was
the intention of appellants, when the purchase was made, to
devote it as expressed in the deed, but that formed no part
of the consideration, nor was it the inducement to the grant.
Subsequent events may have admonished those authorities,
that the financial condition of the county did not justify an
expenditure such as contemplated when the purchase was
made, and that the best interests of the county required a sale
of the property. We fail to see anything in the transaction
to take from them the power, expressly conferred upon them
by statute, to sell the land. There is no covenant in the deed
that the land shall be devoted to a particular purpose, but by
its terms the county became possessed of an absolute estate
in fee simple to the land, uncontrolled by any condition, re-
striction, limitation or reservation whatever. If A buys a
lot of ground of B, and it is declared in the deed that he pur-
chases it as a site for a mill, or other operative establishment,
the fee being conveyed to him, he has the undoubted right
to dispose of it without carrying out his intention. But if a

grant be made by A to B, on condition B erects on the land granted a certain structure, and he fails so to do, the land might revert to the grantor."

We are of the opinion that the case was properly decided by the trial court. Accordingly, the judgment of the circuit court of McDonough county is affirmed.

*Judgment affirmed.*