POLEBITZKE and another, Respondents, vs. JOHN WEEK LUMBER COMPANY, Appellant.

*May 2—May 21, 1914.*

*Deeds: Construction: Easements: Limited fees: Conditions subsequent.*

1. Deeds, like other instruments, should be construed so as to arrive at the intention of the parties. If there is no ambiguity, this must be arrived at from the language used; and effect should be given to all of the provisions if that be possible without doing violence to the language.

2. In the case of an easement the title does not pass, but only a right of use or privilege in the land of another; while in the case of a limited fee the title does pass, even though the use be limited.

3. The grant of a fee may be coupled with a restriction upon the right of use, and such restriction may be in the nature of a condition subsequent or a mere covenant, depending on circumstances.

4. Conditions subsequent must be created either in express terms, as by a statement of the condition coupled with a reverter clause, or by clear implication; and they are most strongly construed against the grantor.

5. A deed conveying a strip of land one rod wide bordering on a river, "for the purpose of rafting and boomage," and containing the usual granting clause appropriate to convey a fee, together with the ordinary *habendum* clause and covenants of warranty, is *held* to convey at least a limited fee in the strip of land described, for the use specified, and to entitle the grantee and its assigns to permit logs drifted thereon in the course of being driven down the river to a boom below, to remain there as long as desired without liability for trespass.

6. The words "for the purpose of rafting and boomage" in such deed are entirely inadequate to create a condition subsequent.

7. It may be that if such strip of land were put to some different use which materially interfered with the use and enjoyment of the grantor's adjoining land, that use might be enjoined by a court of equity and the damages resulting therefrom might be recovered, but this is not decided.

APPEAL from a judgment of the circuit court for Portage county: A. H. REID, Judge. *Reversed.*

This is an action for trespass. The complaint alleged that

between April 20, 1906, and October 20, 1910, plaintiffs were the owners in common and in possession of the following described premises:

"All of lots 1 and 2 and the north four and six-tenths acres of lot 3, and the northwest quarter of the southeast quarter, all in section 15, township 24 north, of range 7 east, excepting a strip of land one rod wide along the meandered shore bordering on the Wisconsin river, including lakes and bayous leading into the Wisconsin river, for the purpose of rafting and boomage, with all the rights and privileges pertaining thereto, being on lots 1 and 2 in said section, township and range aforesaid."

That between the above dates the defendant floated its logs past the plaintiffs' premises during the spring of each year when the water was high and unlawfully allowed part of said logs to drift upon and remain each year on plaintiffs' property after the water receded to its normal level, and that during the summer of each year the defendant in removing said logs tore up the sod and tramped down the grass on twenty-eight acres of plaintiffs' premises, by reason of which they were prevented from harvesting crops of hay and from pasturing fifteen acres of land, to their damage in the sum of $379.50.

The answer of the defendant alleged that the logs when floated down the river were stored in what is known as the Stevens Point Boom Company's boom, the upper divide of which is less than a mile from the land above described; that on January 28, 1888, the Webster Manufacturing Company conveyed to the Stevens Point Boom Company the strip of land above described, which deed of conveyance was duly recorded, and that the defendant as a patron of the Stevens Point Boom Company has the right to use said strip of land for the purpose of rafting, boomage, and driving its logs down the Wisconsin river and into the company's boom and that it has never exercised any rights other than those to which it is entitled by virtue of said conveyance. By the deed from

the Webster Manufacturing Company to the Stevens Point Boom Company, the grantor "granted, bargained, sold, remised, released, aliened, conveyed and confirmed, and by these presents does give, grant, bargain, sell, remise, release, alien, convey and confirm unto the said parties of the second part, its successors and assigns forever, the following described real estate situated in the county of Portage and state of Wisconsin, to wit." Then follows a description of a parcel of land by metes and bounds said to contain 9.52 acres. This was followed by the conveyance of two other strips of land not involved in this action. The deed then continues:

"Also a rod wide along the meandered shore bordering on the Wisconsin river, including lakes and bayous leading into the Wisconsin river, for the purpose of rafting and boomage, with all the rights and privileges thereunto pertaining, being on lots number 1 and 2 of section 15, in township number 24, range 7 east. Together with all and singular the hereditaments and appurtenances thereunto belonging or in any wise appertaining; and all the estate, right, title, interest, claim or demand whatsoever of the said parties of the first part, either in law or equity, either in expectancy of or possession, in and to the above bargained premises and their hereditaments and appurtenances. To have and to hold the said premises as above described, with the hereditaments and appurtenances, unto the said parties of the second part, and to its successors and assigns, forever."

Then follows the usual warranty clause.

The jury returned a verdict in favor of the plaintiffs, and in accordance with such verdict judgment was entered. From such judgment defendant appeals.

For the appellant there was a brief by *Fisher, Hanna & Cashin,* and oral argument by *W. E. Fisher.*

*A. L. Smongeski,* for the respondents.

BARNES, J. As we read the complaint, no claim is made in it for any damages resulting from permitting logs to lie on the part of lots 1 and 2 of section 15, township 24 north,

of range 7 east, conveyed by the Webster Manufacturing
Company to the Stevens Point Boom Company. We find
the following admission in the record, made by plaintiffs'
counsel near the close of the trial: "I admit that we have
no right—that is, the plaintiffs—to a strip of land one rod
bordering on the Wisconsin river, and the bayou." It was
stipulated on the trial that the Webster Company owned this
parcel of land when it conveyed the same and that the de-
fendant had acquired such right to use this strip as the Boom
Company possessed under this deed. It was also stipulated
that the plaintiffs obtained their title through mesne convey-
ances from the Webster Company. There is no claim but
that the conveyance to the Boom Company was prior in point
of time or that its deed was not seasonably recorded. The
conveyance from the Webster Company under which plaint-
iffs claim does not appear to be in the record, so we have no
means of knowing what recitals such deed contains. This is
not material, however, the priority of the deed to the Boom
Company being conceded. The circuit court construed this
deed as granting an easement only, and charged the jury as
follows:

"This right of rafting and boomage does not, however, in-
clude any right to allow logs to remain on this strip for a con-
siderable period after they shall have lodged and the water
has receded; nor the right to go on and remove the logs after
they shall have so remained there, without paying for the in-
jury occasioned by such remaining and subsequent removal.

"You are to consider whether the defendant in any or all
of the years 1906, 1907, 1908, 1909 and 1910, allowed its
logs to lodge and remain upon the one-rod strip longer than
was reasonably necessary for their removal, . . . and in case
you find that it did, then you should return a verdict in favor
of the plaintiffs for the amount of such damage."

The defendant excepted to each of these paragraphs of the
charge. We find it difficult to ascertain from the evidence
to what extent logs were permitted to remain on plaintiffs'

land outside of the one-rod strip, but there can be no doubt that damages were allowed under the charge for permitting them to remain on the parcel of land conveyed to the Boom Company. If the charge was incorrect the judgment must be reversed, and the only question presently involved is the extent of the rights acquired in this strip by the Boom Company under its deed.

In construing deeds, as in construing other instruments, the courts aim to arrive at the intention of the parties. Where there is no ambiguity in the language used, the intent must be arrived at from such language. *Chicago, M. & St. P. R. Co. v. H. W. Wright L. Co.* 123 Wis. 46, 50, 100 N. W. 1034; *Barkhausen v. C., M. & St. P. R. Co.* 142 Wis. 292, 297, 124 N. W. 649, 125 N. W. 680; *Wallis v. First Nat. Bank,* 155 Wis. 306, 314, 143 N. W. 670. And it is the duty of the court in construing a deed to give effect to all of the provisions therein found if it can be done without doing violence to the language used. *Chicago, M. & St. P. R. Co. v. H. W. Wright L. Co., supra; Williams v. Jones,* 131 Wis. 361, 111 N. W. 505.

An easement is something quite different from a fee or a limited fee. In the one case title does not pass, but only a right of use or privilege in the land of another. In the other cases the title does pass even though the use be limited. The granting clause in this deed contains the most appropriate language that could be devised by expert conveyancers to convey a fee, except as it may be modified by the words "for the purpose of rafting and boomage." The *habendum* clause is the one usually found in common-law forms of warranty deeds, as is the covenant of warranty. If the quoted words grant an easement only, then they are repugnant to the preceding words of grant contained in the deed, as well as to what follows. The grant of a fee may be coupled with a restriction of the right of use. This being so, a deed such as the one before us can be construed so as to give effect to every

part of it. The restriction may be a condition subsequent or a covenant, depending on circumstances, but we think it has rarely if ever been held that it creates an easement.

The following cases hold that a grant of land coupled with a restriction as to use conveys the fee and not a mere easement in the thing granted: *Messer v. Oestreich,* 52 Wis. 684, 10 N. W. 6; *Towne v. Salentine,* 92 Wis. 404, 66 N. W. 395; *Strong v. Doty,* 32 Wis. 381; *Thorndike v. Milwaukee A. Co.* 143 Wis. 1, 12, 13, 126 N. W. 881; *Rawson v. School Dist.* 7 Allen, 125; *Barker v. Barrows,* 138 Mass. 578, and cases cited; *Abbott v. Curran,* 98 N. Y. 665; *Vail v. Long Island R. Co.* 106 N. Y. 283, 12 N. E. 607; *Wilkes-Barre v. Wyoming H. & G. Soc.* 134 Pa. St. 616, 19 Atl. 809; *Fitzgerald v. Faunce,* 46 N. J. Law, 536; *Downen v. Rayburn,* 214 Ill. 342, 73 N. E. 364; *Newpoint Lodge v. School Town,* 138 Ind. 141, 37 N. E. 650; *Farnham v. Thompson,* 34 Minn. 330, 26 N. W. 9. A number of these cases also hold that the restriction clause does not create a condition subsequent where there is no provision for reversion in case the property is put to a different use from the one specified.

Had the provision restricting the use to which the strip conveyed might be put been followed by a reverter clause in case the land was put to different use, a condition subsequent would or at least might have been created. *Lawe v. Hyde,* 39 Wis. 345.

Under some circumstances restrictions or provisions in a deed will be held to create a condition subsequent without a reverter clause. *Horner v. C., M. & St. P. R. Co.* 38 Wis. 165; *Glocke v. Glocke,* 113 Wis. 303, 89 N. W. 118; *Wanner v. Wanner,* 115 Wis. 196, 91 N. W. 671; *Western L. & C. Co. v. Copper River L. Co.* 138 Wis. 404, 412, 120 N. W. 277; *Drew v. Baldwin,* 48 Wis. 529, 4 N. W. 576; *Delong v. Delong,* 56 Wis. 514, 14 N. W. 591. Such conditions, however, must either be created in express terms or by clear implication and are strictly construed. *Burgson v. Jacobson,* 124 Wis. 295, 102 N. W. 563; *Wier v. Simmons, 55*

Wis. 637, 13 N. W. 873. And they are most strongly con-
strued against the grantor. *Mills v. Evansville Seminary,*
58 Wis. 135, 15 N. W. 133.

There is absolutely nothing in the record here to show that
there was any intention to create a condition subsequent,
aside from the inference that should be drawn from the re-
cital that the land was to be used for rafting and boomage
purposes. This language is in itself entirely inadequate to
create such a condition. *Brugman v. Noyes,* 6 Wis. 1;
*Strong v. Doty,* 32 Wis. 381; *Thorndike v. Milwaukee A. Co.*
143 Wis. 1, 126 N. W. 881; *Horner v. C., M. & St. P. R.
Co., supra,* and cases above cited; *Downen v. Rayburn* (214
Ill. 342, 73 N. E. 364), 3 Am. & Eng. Ann. Cas. 36, and
cases cited in note, p. 38; *Adams v. First Baptist Church*
(148 Mich. 140, 111 N. W. 757), 12 Am. & Eng. Ann. Cas.
224, and cases cited in note, p. 227. The only case we have
found in this state which might be said to conflict in any way
with what has been said is *Pepin Co. v. Prindle,* 61 Wis. 301,
21 N. W. 254, and it was there admitted by counsel for the
county that the deed contained a condition subsequent.

Circumstances might arise where the strip of land in ques-
tion might be put to some use that would materially interfere
with the use and enjoyment by the plaintiffs of the adjoining
land which they own. In such a case it might well be that
a court of equity would enjoin such use and that the damages
resulting therefrom would be recoverable. The question is
not before us. The Boom Company had the right to permit
logs to lie on this strip as long as it desired, and so did the de-
fendant. The Boom Company is the owner of at least a
limited fee in this strip of land with the privileges and appur-
tenances belonging thereto, and plaintiffs are not entitled to
collect any damages because logs were permitted to lie there-
on. The charge of the court was erroneous and the judgment
must be reversed.

*By the Court.*—Judgment reversed, and cause remanded
for a new trial.