518

TOWN OF WOLF RIVER, Appellant, vs. WISCONSIN MICHI-
GAN POWER COMPANY, Respondent.

*February 7—March 5, 1935.*

*Matthew M. Wallrich* of Shawano, for the appellant.

For the respondent there was a brief by *Shaw, Muskat & Paulsen* of Milwaukee and *Homer H. Benton* of Appleton, and oral argument by *Mr. Benton*.

FAIRCHILD, J.   An intent to lessen one's tax burden or the promptings of a selfish purpose in the securing of an advantage by transfer of property will not destroy an otherwise valid deed. *Aberg v. Moe,* 198 Wis. 349, 224 N. W. 132, 226 N. W. 301.   The only question necessary for determination is whether or not the agreement between the parties constituted a conveyance of the land.   The Valley Camp Association is entitled to hold property, and the respondent is capable of transferring its property to another competent entity.   The contentions of the appellant are summarized in the claim that the deed of conveyance dated April 4, 1933, discloses an adroit attempt to change the ownership of the property, and at the same time retain control of it because the deed with its restrictions amounts to nothing more than an agreement to permit the Boy Scouts to use the premises for a particular purpose.   The deed, with the provisions set out in the statement of facts, does provide that the estate conveyed is to terminate if the premises are used for other purposes than as a camp site for Boy Scouts.   This is not an unusual restriction.   It results in the grantee holding title to the premises subject to being dispossessed upon breach of a condition subsequent.   It in no way affects the title held by the grantee, but merely operates to destroy that title upon a breach of the

condition. *Cobban v. Northern Wisconsin State Fair Asso.* 212 Wis. 235, 248 N. W. 463; *Polebitzke v. John Week L. Co.* 157 Wis. 377, 147 N. W. 703. The qualification annexed whereby the estate may be defeated upon breach of the condition leaves the title good in the grantee as long as he observes the condition. The terms in the deed further reserve the right in respondent to repurchase the premises subsequent to June 1, 1938, but not later than June 1, 1958, at the sum paid by the grantee. While this enables the respondent to avail itself of any subsequent development in the value of the property, it is not an arrangement which can be challenged as being against public policy, nor does it destroy the estate owned by the grantee. 8 R. C. L. pp. 146, 147. The ownership of the property passed to the grantee. Respondent has an option which it may or may not exercise. The control of the grantee over the premises is complete. Good faith on the part of the grantee exists, and the whole matter cannot be colored by the fact that the transfer may result in the loss of income to the town in which the property is located. The legislature, following a well-established public policy of exempting from taxation property held by educational, religious, and eleemosynary institutions, has included the property held by Boy Scout organizations. Sec. 70.11 (36). So long as title to property is held by such an organization, the assessment of taxes against that property must be in accordance with the statutes regulating that subject.

The instrument of transfer used in this instance may not be in the usual form of a statutory deed, but it does contain words of an operative nature sufficient to convey the interest of the grantor to the grantee, and to give effect to the grantor's intention to pass title. The option provision does not alter the present ownership, and present ownership is important in determining who the taxpayer is. One is the owner of property so as to be subject to taxation and the laws applicable thereto where he is in possession and entitled there-

to under title although another has a lien on the premises. "Owner," as used in tax statutes, "has been held to mean 'the owner of an estate in possession at the time of the assessment, and not a prior owner, or the owner of an estate in expectancy, or an executory or contingent interest.' " 2 Cooley, Taxation (4th ed.), § 587. If the present owner, by reason of considerations extended by the state, does not owe the tax, no one does.

The facts as found by the trial court warrant the conclusion that the transaction under consideration placed the ownership of the property in the grantee; that that organization was in possession and had title to the premises on May 1, 1933; and that the tax authorities are controlled by the statutes which existed at that time regulating the taxing of the property of such institution.

*By the Court.*—Judgment affirmed.