STATE, Respondent, vs. CITY OF MILWAUKEE, Appellant.

*October 12—November 10, 1942.*

For the appellant there was a brief by *Walter J. Mattison,* city attorney, and *Werner A. Wilking* and *John A. Decker,*

assistant city attorneys, and oral argument by *Mr. Wilking* and *Mr. Decker*.

For the respondent there was a brief by the *Attorney General* and *James Ward Rector,* deputy attorney general, and oral argument by *Mr. Rector*.

ROSENBERRY, C. J.   Ch. 325, Laws of 1875, authorized the formation of a corporation for the purpose of maintaining an industrial school.   The Milwaukee industrial school for girls was incorporated on April 6, 1875.   Prior to January 21, 1878, the said corporation submitted to the common council of the city of Milwaukee a petition and memorial addressed to the legislature of the state of Wisconsin requesting the passage of an act authorizing the appropriation of $25,000 for the purchase of ground and the erection of buildings thereon for the use of said school.   On January 21, 1878, the common council duly adopted a resolution indorsing the petition and memorial, and by ch. 89, Laws of 1878, the legislature appropriated the sum of $15,000 for the purpose of erecting buildings for the use of the corporation upon condition, (1) that the corporation without cost to the state procure and cause to be conveyed to the state in fee simple, suitable lands upon which to erect the buildings; (2) that upon erection of the buildings, the title thereto would vest in the state; and (3) that the corporation could use the buildings until such time as the legislature might decide that it was not satisfactorily using the property for the purpose intended.

On April 8, 1878, the common council adopted a resolution authorizing the conveyance of certain land to the state, which is the land in question.   The land was conveyed on April 12, 1878, and the deed contained a recital that it was—

"made under and in accordance with resolutions adopted by the common council of the city of Milwaukee on the 8th day

of April, 1878, donating the above-described premises to the state of Wisconsin."

The building was erected. Beginning with the year 1881 the legislature biennially appropriated moneys to the industrial school for the erection of buildings and the carrying on of the school. On April 5, 1915, the state board of control of Wisconsin filed a petition with the common council of the city of Milwaukee setting forth that the description in the original quitclaim deed dated April 12, 1878, was incorrect and did not convey the lands intended to be conveyed but other land. The common council authorized the execution and delivery of a corrective deed which should include the following clause:

"That said land shall be used solely as a site for the said industrial school for girls and that the same shall revert to the city of Milwaukee if not used for said purpose."

The corrective deed was executed June 17, 1915. It was the usual form of quitclaim deed containing the clause above quoted.

In the year 1917, the legislature passed ch. 486, Laws of 1917, pursuant to which the state occupied the buildings and grounds theretofore occupied by the school and continued to maintain and operate the school until on or about June 12, 1940. On that day the state of Wisconsin discontinued the use of the lands in question for school purposes and since that time has continued to use the land for general state purposes other than maintaining an industrial school for girls.

On or about July 22, 1941, the common council of the city of Milwaukee caused the state of Wisconsin to be notified that by virtue of the reversion clause above quoted, and by reason of the discontinuance of the use of the premises conveyed thereby as an industrial school for girls, the property has reverted to the city of Milwaukee, and that the city was entitled to possession thereof, and that about the same

time the city entered upon the premises and posted signs advertising that it was the property of the city and warning all people to refrain from trespassing thereon. The state of Wisconsin then began this action to quiet title.

It is to be noted that from 1881 to 1915, a period of thirty-four years, the state was in possession of the premises in dispute, believing itself to be in possession under the deed dated April 12, 1878. It is argued here that under the language of the resolution which authorized the execution and delivery of the deed dated April 12, 1878, the city of Milwaukee reserved to itself an interest in the lands by a condition subsequent. That part of the resolution which is material is as follows:

"Therefore, be it resolved by the common council of the city of Milwaukee, that for the purpose specified in the above-named preamble, there be and hereby is donated as a free gift to the state of Wisconsin a certain piece of land belonging to the city of Milwaukee, situated in the First ward of said city. [Here follows a description of the premises.]"

On behalf of the plaintiff it is argued that the word "purpose" referred to can only mean for the purpose of complying with the conditions of ch. 89, Laws of 1878; that because the legislature had appropriated the amount of $15,000 out of its general fund for the purpose of erecting suitable buildings for the use of the industrial school on the condition that the building when so erected and completed would be the property of the state of Wisconsin, and that suitable grounds on which to erect the buildings be conveyed to the state in fee simple, the city donated as a free gift to the state for such purposes the piece of land in question.

On behalf of the defendant it is argued that the recital in the deed to the effect that it was made pursuant to the resolution of the common council dated April 8, 1878, incorporate the resolution in the deed; that the lands having been deeded for a specific purpose, and being no longer used for the

designated purpose, the city may re-enter and reclaim the lands. This contention cannot be sustained.

On the face of the documents relied upon by the defendant no reverter can be implied. Ch. 89, Laws of 1878, contained the provision that "the said buildings, when so erected and completed, shall be the property of the state;" that the same might be used by the corporation if kept insured and in repair;—

"subject, however, to the right of the state to take the said buildings and lands into its own possession whenever in the judgment of the legislature the same shall not be satisfactorily used for the purpose herein intended to be provided for."

In the resolution authorizing the execution and delivery of the deed to the state appeared the following language:

"Therefore, be it resolved by the common council of the city of Milwaukee, that for the purpose specified in the above-named preamble, there be and hereby is donated as a free gift to the state of Wisconsin a certain piece of land [describing it]."

The language of these documents instead of indicating that the city of Milwaukee intended to reserve some interest in the land to itself indicates the contrary. Even construing it as the city of Milwaukee construes it, it is ineffectual to create a condition subsequent. *Polebitzke v. John Week L. Co.* (1914) 157 Wis. 377, 383, 147 N. W. 703.

The trial court held the reversion clause inserted in the deed was ineffectual and void; that the 1915 deed was given as the recitals therein contained indicate for the purpose of correcting the former deed dated April 12, 1878, from the city of Milwaukee to the state of Wisconsin. The reversion clause performed no function so far as the correction of the description was concerned. The state had been in complete, continuous possession of the premises for over thirty-seven years when correction deed issued, and had an equitable right

to have its title to the lands confirmed if the correction deed had not been forthcoming. The deed of June, 1915, conveyed no title to the state. The state already had title. The deed merely corrected the description and made it a matter of record.

*By the Court.*—The order appealed from is affirmed.